*To Be Published*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JUAN M. VASQUEZ, | |
| Plaintiff, | No. C06-3021-PAZ |
| vs. | **ORDER** |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

On August 16, 2006, the court granted the defendant's unopposed motion (Doc. No. 8) to reverse and remand this case pursuant to sentence four of 42 U.S.C. § 405(g). On November 6, 2006, the plaintiff filed an application for attorney's fees (Doc. No. 13).

Federal Rule of Civil Procedure 54(d)(2)(B) requires motions for attorney's fees to be "filed no later than 14 days after entry of judgment," unless a different time is specified by statute or court order. The rule is modified by this court's Local Rule 54.2, which provides as follows:

> In all Social Security benefits cases where the plaintiff is the prevailing party, within 30 days after entry of final judgment, counsel for the plaintiff must, pursuant to this section and Federal Rule of Civil Procedure 54(d)(2)(B), file one of the following: **(1)** an application for attorney fees and expenses on behalf of the plaintiff, or **(2)** a statement certifying that counsel has searched the record and has determined the positions taken by the government in the case were substantially justified.

The federal rule further is modified by statute. Pursuant to 28 U.S.C. § 2412(d)(1)(B), motions for attorney's fees under the Equal Access to Justice Act must be filed "within thirty days of final judgment in the action."

Pursuant to the EAJA and the court's Local Rules, the plaintiff's application for attorney's fees was due by September 15, 2006. He did not file a motion for an extension of time, and the time for him to seek attorney's fees has passed. However, the Commissioner does not resist the plaintiff's motion for attorney fees (*see* Doc. No. 16), apparently conceding that the Commissioner's position was not substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414-15, 124 S. Ct. 1856, 1865-66, 158 L. Ed. 2d 674 (2004) (courts uniformly have recognized that the Government shoulders the burden of establishing its position was substantially justified) (citations omitted); *Welter v. Sullivan*, 941 F.2d 674, (8th Cir. 1991) ("The Secretary bears the burden of proving the denial of benefits was substantially justified.") (citing *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (*per curiam*)). The Commissioner asks the court to enter judgment for attorney's fees and costs as requested by the plaintiff, and to cancel the hearing on the plaintiff's motion.

Prior to 1984, courts frequently referred to the EAJA's thirty-day filing requirement as jurisdictional, refusing to consider fee applications filed beyond the thirty-day time limit. *See, e.g.*, *Pottsmith v. Barnhart*, 306 F.3d 526, 527 (8th Cir. 2002) (court "'lack[]s jurisdiction to consider the merits of fee applications filed beyond this time limit.'") (quoting *Welter v. Sullivan*, 941 F.2d 674, 675 (8th Cir. 1991)); *Pierce v. Barnhart*, 440 F.3d 657, 661 (5th Cir. 2006) (finding thirty-day deadline to be jurisdictional); *Turner v. D.C. Bd. of Elections & Ethics*, 183 F. Supp. 2d 22, 26 (D.D.C. 2001) ("Meeting this thirty-day EAJA deadline is a jurisdictional prerequisite to government liability under EAJA.") (citations omitted).

However, in *Scarborough v. Principi*, the United States Supreme Court clarified that the requirements of section 2412(d)(1)(B) actually are not "jurisdictional," but rather "concern[] a mode of relief (costs including legal fees) ancillary to the judgment of a court that has plenary 'jurisdiction of [the civil] action' in which the fee application is made." The Supreme Court admonished courts and litigants to use "'the label "jurisdictional" not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority.'" *Id.*, 541 U.S. at 413-14, 124 S. Ct. at 1865 (quoting *Kontrick v. Ryan*, 540 U.S. 443, 454-455, 124 S. Ct. 906, 916, 157 L. Ed. 2d 867 (2004)).

Courts have noted that the EAJA represents a partial waiver of the Government's sovereign immunity, "rendering the United States liable for attorney's fees when the Government otherwise would not be required to pay." *Scarborough v. Principi*, 273 F.3d 1087, 1089-90 (Fed. Cir. 2001), *rev'd on other grounds*, 541 U.S. 401, 124 S. Ct. 1865, 158 L. Ed. 2d 674 (2004); *see Pierce v. Barnhart*, 440 F.3d 657, 661 (5th Cir. 2006) ("'Because this thirty-day deadline represents a waiver of sovereign immunity, it is jurisdictional.'") (citations omitted). Because the Court has clarified that the requirements of section 2412(d)(1)(B) are not jurisdictional, but are ancillary to the court's judgment, the undersigned therefore finds the requirements can be waived by the Government, as it is the Government whose interests are protected by the section's requirements.

In this case, the Commissioner has stated she does not object to the plaintiff's motion, and she expressly asks the court to enter judgment as requested by the plaintiff. Therefore, the plaintiff's motion is **granted**. Judgment will be entered for the plaintiff for attorney's fees in the amount of **$1,850.37** under the EAJA. Further, judgment will be entered for costs in the amount of **$250.00**, to be paid from the Judgment Fund administered by the Treasury Department.

The hearing previously scheduled for November 9, 2006, is **cancelled**.

**IT IS SO ORDERED.**

**DATED** this 8th day of November, 2006.

_____
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT